IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THE CITY OF GREENSBORO, LEWIS A. BRANDON, III, JOYCE JOHNSON, NELSON JOHNSON, RICHARD ALAN KORITZ, SANDRA SELF KORITZ, AND CHARLI MAE SYKES, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:15-CV-559 |
| THE GUILFORD COUNTY BOARD OF ELECTIONS, | ) ) ) ) | |
| Defendant. | ) | |

## PRELIMINARY INJUNCTION

THIS MATTER is before the Court on the plaintiffs' Motion for Temporary Restraining Order, (Doc. 3), and Motion for Preliminary Injunction, (Doc. 7), filed pursuant to Rule 65 of the Federal Rules of Civil Procedure. The plaintiffs have provided notice of their motions to the defendant and to the North Carolina Attorney General pursuant to N.C. Gen. Stat. § 1-260. A hearing was held on July 23, 2015.

Based on the facts found and the reasons stated more specifically in the Memorandum Opinion entered concomitantly herewith, the Court finds that the plaintiffs' motion for preliminary injunction should be granted. In summary, the Court finds and concludes as follows:

1. Plaintiffs are likely to succeed on the merits of their claims that House Bill 263, referenced here as Session Law 2015-138 or the Act, violates the plaintiffs' equal protection rights guaranteed by the Fourteenth Amendment to the United States

Constitution and Article I, § 19 of the North Carolina Constitution by treating Greensboro voters differently in connection with referendum rights and by prohibiting Greensboro and its voters, alone among municipalities and municipal voters in the State, from making decisions about local governance forms and methods, without a rational basis. *See Molinari v. Bloomberg*, 564 F.3d 587, 597 (2d Cir. 2009); *Save Palisade FruitLands v. Todd*, 279 F.3d 1204, 1210-11 (10th Cir. 2002).

2. The plaintiffs, absent injunctive relief, are likely to suffer the irreparable harm of the loss of their constitutional rights. *See, e.g.*, *Republican Party of N.C. v. Hunt*, 841 F. Supp. 722, 728 (E.D.N.C. 1994). If the election process for Greensboro municipal officials as established by Session Law 2015-138 proceeds, it will be difficult, if not impossible, to unwind the election process upon a later conclusion that the process violates the plaintiffs' constitutional rights.

3. The balance of equities is in the plaintiffs' favor. Allowing the election to proceed under the City's well-established system will reduce voter confusion in 2015, and a final decision in this case is easily possible before the 2017 election, thus minimizing the harm should the Court ultimately conclude that no constitutional violations exist. *See Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) (per curiam).

4. Injunctive relief is in the public interest. *See NAACP-Greensboro Branch v. Guilford Cnty. Bd. of Elections*, 858 F. Supp. 2d 516, 529 (M.D.N.C. 2012). Returning to the pre-existing status quo, which is a long-established system, for the 2015 election facilitates the public interest in an orderly election.

2

Case 1:15-cv-00559-CCE-JLW   Document 36   Filed 07/23/15   Page 2 of 4

For the reasons stated in its Memorandum Opinion as supplemented and summarized here, the Court **GRANTS** the plaintiffs' motion for preliminary injunction, (Doc. 7), and hereby **ORDERS**:

1. The defendant and its agents, officers, and employees are enjoined from enforcing, implementing, or giving any effect to Session Law 2015-138 in its entirety as it concerns municipal elections in Greensboro, except as specifically stated herein.

2. Elections for Greensboro City Council will take place using the electoral districts, method of election, and form of government that existed prior to the enactment of Session Law 2015-138. Specifically, five (5) council members will be elected to each represent a single district as those districts existed on July 1, 2015, three (3) council members will be elected at-large, and the mayor will be elected at-large. Terms will last for two (2) years. Elections will proceed under the nonpartisan primary and election method of voting set forth in N.C. Gen. Stat. § 163-294.

3. The filing period for elections for Greensboro City Council will open at 12:00 P.M. on July 27, 2015, and close at 12:00 P.M. on August 7, 2015.

4. Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, the Court requires that the plaintiffs give security in the amount of one hundred dollars ($100) in connection with this Order.

5. This Order is subject to reconsideration upon motion by the defendant or under other appropriate circumstances.

6. To insure that this case is resolved well in advance of the 2017 municipal elections, the Magistrate Judge will enter appropriate scheduling orders concerning

discovery, dispositive motions, and trial so that the entire process is completed no later than November 30, 2016. To ensure this schedule is met, the Court is likely to shorten briefing schedules as to any non-dispositive motions and is unlikely to grant extensions of time on dispositive motions.

    This the 23rd day of July, 2015.

                                              UNITED STATES DISTRICT JUDGE