IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:15-CV-559

| | |
|---|---|
| CITY OF GREENSBORO, et al., | ) |
| Plaintiffs, | ) |
| v. | ) MEMORANDUM OF LAW IN SUPPORT |
| | ) OF MOTION TO INTERVENE |
| GUILFORD COUNTY BOARD OF ELECTIONS, | ) |
| Defendant. | ) |

Defendant-Intervernors, Melvin Alston, Jean Brown, Hurley Derrickson, Stephen Golimowski, Wayne Goodson, Jim Kee, Earl Jones, Sharon Kasica, and William Clark Porter ("Intervenors") come before this Court and respectfully move to intervene as Defendants in this action pursuant to Federal Rule of Civil Procedure 24(a), or, alternatively, Federal Rule of Civil Procedure 24(b), and in support thereof offer this Memorandum in Support.

**Brief Statement of Case.**

Plaintiffs filed a Complaint against the Guilford County Board of Elections on July 13, 2015 challenging the redrawn voting districts for the City of Greensboro and other changes made in 2015 N.C. Sess. Laws 138, which the Plaintiffs refer to as the "Greensboro Act" in their Complaint. (Doc. 1)

After filing the Complaint, the Plaintiffs moved for a temporary restraining order and preliminary injunction in light of the upcoming City Council Elections. An injunction was granted in an order issued by this Court on July 23, 2015. The Court found, for purposes of that

order only, that the Plaintiffs had a likelihood of success on the merits of their challenge on the basis of an equal protection claim. (Doc. 35, at pg. 18). It does not appear that the Guilford County Board of Elections actively opposed this preliminary injunction. Further, it does not appear that the North Carolina General Assembly, Governor, or other State entity have moved to intervene as a Defendant in this matter. This Court noted in its Memorandum Opinion and Order that "the Attorney General, who would likely represent any such required parties, is aware of this lawsuit, and to date, has declined to participate." (Doc. 35 at pg. 9.) The Defendant Guilford County Board of Elections submitted a brief prior to the hearing on the preliminary injunction claiming that it was not in a position, pursuant to various case law and statute, to defend actively this action and would serve to provide information to the Court as needed during the course of this action. It stated in its brief to the Court that:

> Defendant Guilford County Board of Elections merely conducts the elections within the mandates established by statute and, where challenged, to the extent upheld by judicial review. The Guilford County Board of Elections is charged by statute with acting in a fair, impartial, and lawful manner – both in appearance and in fact.

The Intervenors before the Court today are citizens, residents, and voters in the City of Greensboro. They reside in seven of the eight voting districts under the new city council districts drawn after passage of the Greensboro Act (**District 1**: Derrickson; **District 2**: Kee; **District 4**: Jones; **District 5**: Porter; **District 6**: Brown and Alston; **District 7**: Kasica and Gooddson; **District 8**: Golimowski.) Several of the Intervenors are visible members of their communities and former elected representatives in the area. Melvin "Skip" Alston served as a Guilford County Commissioner for twenty-years, is an African-American, and past President of the North Carolina NAACP. Mr. Alston is a co-founder of the Greensboro-based International Civil Rights Museum and Center and holds a seat on the Board of Directors. Earl Jones is a former

North Carolina State Representative for District 60, an African-American, and served for eighteen years on the Greensboro City Council. He is also a co-Founder of the Board of Directors for the International Civil Rights Center and Museum and serves presently as Vice-Chair of the Museum. Jim Kee is a former member of the Greensboro City Council and an African-American. Hurley Derrickson is a local businessman, an African-American, and also a member of the Board of Directors for the International Civil Rights Center and Museum. Wayne Goodson is a World War II veteran who served with Naval Intelligence during the War and has been a resident of Greensboro since 2001. Sharon Kasica resides in the northern Greensboro area and had planned to run for the new District 7 City Council seat.

The Intervenors have an interest in the City of Greensboro's voting districts, and fair and equal representation of their diverse communities on the City Council. As noted by one of the Plaintiffs' Complaint, the City of Greensboro's is approximately 42.34% African-American or mixed-race African American. (Doc. 1, Pg. 16.) The old Greensboro City Council consists of five defined districts, and three other seats on the Council were "at large" open to election by the entire City of Greensboro. Under the new system, four of the eight districts are minority-majority districts and there are no "at large" districts (Districts 1, 2, 4, and 6). (Doc. 9, Appd. E.) The Intervenors would offer arguments to this Court that, among other things, the new system set forth in the Greensboro Act provides fair and accurate representation for underrepresented minority groups and neighborhoods in the City of Greensboro.

I. **Intervention as a Right pursuant to Federal Rule of Civil Procedure 24(a)(2).**

The Fourth Circuit Court of Appeals has established a three part test for intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2). The applicant must show: (1) it has an interest in the subject matter of the action; (2) the protection of this interest would be

impaired because of this action, and; (3) its interest is not adequately represented by the existing parties to the litigation. *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986); see also *Teague v. Bakker*, 931 F.2d 259 (4th Cir. N.C. 1991) (citing *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976)); *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989). The Fourth Circuit has established a policy that favors "liberal intervention" in favor of applicants. *Id.* at 729. This policy attempts to resolve any issues with litigation "absent interest parties." *Id.* "Liberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Feller*, 802 F.2d, at 729 (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

### (a) Intervenors have made a timely application for intervention to this Court.

A motion to intervene as a matter of right must be made timely to the Court. *See Gould v. Alleco, Inc.*, 883 F.2d 281 (4th Cir. 1989). "The Court has wide discretion in deciding whether the timeliness requirement has been satisfied." *Brink v. DaLesio*, 667 F.2d 420, 428 (4th Cir. 1981). "The district court is entitled to the full range of reasonable discretion in determining whether these requirements . . . have been met." *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (quoting *Rios v. Enterprise Ass'n Steamfitters Local Union No. 638 of U.A.*, 520 F.2d 352, 355 (2d Cir. 1975)). To determine whether an application for intervention is timely, a Court should examine several factors, including: how far the action has progressed, the prejudice that delay might cause other parties, and the reason for the tardiness in moving to intervene. *See Gould*, 883 F.2d at 286 (4th Cir. 1989) Where intervention is of right, "the timeliness requirement of Rule 24 should not be as strictly enforced as in a case where intervention is only permissive." *Brink*, 667 F.2d at 428 (4th Cir. 1981).

The Plaintiffs filed the Complaint on July 13, 2015 with this Court. The Defendant filed a brief that set forth its position on the case on July 20, 2015. No discovery has been issued, and the only substantive motion heard has been a preliminary injunction. The Intervenors' motion is timely filed after the Defendant set forth its reluctance to defend actively the action. The Court, in its Order on July 23, 2015, noted that the North Carolina Attorney General has also declined to intervene in this action after being notified of the proceedings. Only then was it apparent to the Intervenors that their interests were not adequately represented. The Plaintiffs and the Defendant are not prejudiced by an intervention at this early stage in litigation.

>  (b) **Intevernors have an interest in the subject matter of this action, and; the Intervenors' interests would be impaired if this application is not granted by Court.**

Intervenors, as voters in the City of Greensboro, have an interest in the subject matter of an action that concerns the districts in which they are eligible to cast vote and their right to participate in a referendum on the local municipal government of the City of Greensboro. While the text of Rule 24 does not provide much guidance on what necessarily constitutes an interest that a possible intervenor must have, the Supreme Court stated that "what is obviously meant…is a significant protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971).

Courts have acknowledged that this question of interest in subject-matter of an action is unclear and a fact-specific analysis. *See, e.g., Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002) The Fourth Circuit has held that intervenors have a significant protectable interest that would be impaired because of the pending action when parties "stand to gain or lose by the direct legal operation of the district court's judgment" in the action. *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991).

Voters have a significant protectable interest in any action concerning their voting districts. Protection of this interest would be impaired if the Intervenors are not allowed to defend their rights as voters concerning the various voting districts in the City of Greensboro. The United States Supreme Court stated that:

> No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined.

*Wesberry v. Sanders,* 376 U.S. 1, 17-18 (1964).

The Fifth Circuit Court of Appeals supported this position in a case where a registered voter in the City of Beorne, Texas, moved to intervene in a case involving Section 2 of the Voting Rights Act and how various city voting districts were drawn. *League of United Latin American Citizens, District 19 v. City of Boerne,* 659 F.3d 421 (5th Cir. 2011). The Fifth Circuit held that the intervenor in that case had a sufficient interest to protect with regard to his right to vote in elections to choose city council members. *Id.* at 435.

In that decision, the Fifth Circuit cites further to a Florida case that held registered voters have an interest sufficient to intervene in an action where a challenge was filed to voting districts in which the intervenors are registered. *Johnson v. Mortham,* 915 F. Supp. 1529, 1536 (N.D. Fla. 1995).

In *Baker v. Regional High Sch. Dist.* 432 F. Supp. 535 (Conn. 1977), voters in a local school board district were allowed to intervene to protect their rights to equal and fair representation when seats were being apportioned such that the intervenors alleged certain areas received greater representation than others. Particularly relevant to that case, the Court noted that the intervenors "have taken up the oar in opposing plaintiffs' motion. The principal defendants…have taken no position on the motion." *Id.* at 537.

Further, the Intervenors have an interest in preservation of the districts as drawn by the General Assembly in the Greensboro Act. The Greensboro Act created four minority-majority districts in the City of Greensboro. Intervenors will show that the old regime being preserved by the preliminary injunction did not consist of the same number of minority-majority districts. In *Smith v. Cobb County Bd. of Elections & Registrations*, 314 F. Supp. 2d 1274, 1311 (N.D. Ga., 2002), several individuals were allowed to intervene as defendants in an action concerning apportionment and districts for a local county commission. The Court there allowed the Defendants to intervene in order to oppose the Plaintiffs' plan arguing that it diluted minority voting strength in a particular county commissioner district under § 5 of the Voting Rights Act. *Id.*

The Intervenors have an interest in an action concerning their voting rights, ability to participate in referenda on their local government structure, and the voting districts in which they elect their representatives to the Greensboro City Council. Particularly as a result of no party representing their interest, the Intervenors' rights and interests with regard to voting in these districts will be significantly impaired if this action proceeds. Like in *Baker*, the intervenors will be the parties to pick up the burden and defend this action brought by Plaintiffs.

  (c) **The Intervenors's rights and interests are not represented by the current parties to this action.**

Presently, no other party in this action represents the Intervenors' interests. In most cases the burden of showing that the Intervenor's interest is "minimal." *See Virginia v. Westinghouse Elect. Corp*, 542 F.2d 214, 216 (4th Cir. 1976). However, that burden shifts when the Intervenor's interest is in line with a government agency which is party to the action. If an existing party is a government agency then "a more exacting showing of inadequacy should be required…" *Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013). The Intervenors must then make a

"strong showing of inadequacy" on the basis that the government's basic duty is "to represent the public interest." *Id.* at 351-2.

The Guilford County Board of Elections has declined to advocate on behalf of the interest of the Intervenors based on its statutory duty of impartiality and its ministerial role in local elections. The North Carolina Attorney General, who arguably has a statutory duty to intervene under N.C. Gen. Stat. § 114-2(1), on behalf of possible necessary parties has been notified of this action and has not yet moved to intervene or join in the defense of the statute passed by the General Assembly. At this time no government agency has acted in any way to advocate on behalf of the Intervenors' interest as voters in the City of Greensboro. As observed in a leading treatise on Federal Civil Procedure, "[a]n interest that is not represented is surely not adequately represented and intervention must be allowed." WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1919 (3d ed. Rev. 2009). Because both the Guilford County Board of Elections and the North Carolina Attorney General have declined to defend this action or intervene, the Intervenors, as voters in the City of Greensboro, have an interest that is not adequately represented and intervention must be allowed.

## II. Permissive Intervention pursuant to Federal Rule of Civil Procedure 24(b)(1)(B)

Permissive intervention under Federal Rule of Civil Procedure 24(b) is appropriate when "(1) the application is timely; (2) the moving party's...defense and the main action have a common question of law or fact; and (3) the proposed invention will not unduly delay or prejudice the adjudication of the original parties' rights. *Capacchione v. Charlotte-Mecklenburg Bd. of Educ.*, 179 F.R.D. 505, 507 (W.D.N.C. 1998) *(citing Hill v. Western Elec. Co.*, 672 F.2d 381, 385-86 (4th Cir. 1982). A permissive intervention is subject to the same liberal intervention

policy of the Fourth Circuit as intervention as a matter of right. *See Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986).

The Intervenors' defense and the main action have a common question or fact and law concerning the voting districts and referendum in the City of Greensboro as set forth above. Intervention will not cause undue delay or prejudice the adjudication of the original parties' rights. Harm alleged by the Plaintiffs' in the Complaint has been enjoined by virtue of the preliminary injunction. The Defendant has stated its position is to follow the direction of the Court in line with its ministerial duty with regard to the conduct of local elections. No discovery has been conducted to the knowledge of the Intervernors; outside of the preliminary injunction, no substantive orders have been issued on the merits of the case.

**Conclusion**

In consideration of the law and analysis set forth above, the Defendant-Intervernors respectfully request that this Honorable Court grant their Motion to Intervene and allow them leave to intervene in this action. The Intervenors proposed pleading is attached hereto and submitted for the Court's consideration as well.

This brief is respectfully submitted this 25th day of August, 2015.

NARRON, O'HALE AND
WHITTINGTON, P.A.

By: /s/ Benton G. Sawrey
Benton G. Sawrey (#46379)
*Attorney for Intervenor-Defendants*
Post Office Box 1567
Smithfield, NC 27577
Tel: (919) 934-6021
Fax: (919) 934-6280
bsawrey@nowlaw.com

CERTIFICATE OF SERVICE

The undersigned attorney certifies that this day he has electronically filed the foregoing Answer in the above-titled action with the Clerk of Court using the CM/ECF system, which provided notice of such filing to:

Mark Payne, County Attorney
Guilford County Attorney's Office
Attorney for Defendant Guilford County Board of Elections
PO Box 3427
Greensboro, NC 27402

Jim W. Phillips, Jr.
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
Attorney for City of Greensboro
Post Office Box 26000
Greensboro, N.C. 27420-6000

Julia C. Ambrose
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
Attorney for City of Greensboro
Post Office Box 26000
Greensboro, N.C. 27420-6000

Daniel F.E. Smith
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
Attorney for City of Greensboro
Post Office Box 26000
Greensboro, N.C. 27420-6000

Anita S. Earls
Southern Coalition for Justice
Attorney for Plaintiffs Brandon, Johnson, Johnson, Koritz and Koritz
1415 West Highway 54, Suite 101
Durham, N.C. 27707

Anita S. Earls
Southern Coalition for Justice
Attorney for Plaintiffs Brandon, Johnson, Johnson, Koritz and Koritz
1415 West Highway 54, Suite 101
Durham, N.C. 27707

Respectfully submitted this 25th day of August, 2015

/s/ Benton G. Sawrey
Benton G. Sawrey

{N0043304.DOCX; 3}