IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:15-CV-559

| | |
|---|---|
| CITY OF GREENSBORO, et al., | ) |
| Plaintiffs, | ) |
| v. | ) MEMORANDUM IN SUPPORT OF |
| | ) INTERVENORS MOTION TO DISMISS |
| GUILFORD COUNTY BOARD OF ELECTIONS, | ) PURSUANT TO FED. R. CIV. P. 12(b)(1) |
| Defendant. | ) |

Defendant-Intervenors, Melvin Alston, Jean Brown, Hurley Derrickson, Stephen Golimowski, Wayne Goodson, Earl Jones, Jim Kee, Sharon Kasica, and William Clark Porter, ("Intervenors") come before this Court and respectfully move to dismiss the City of Greensboro from this action for a lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). The Plaintiff, City of Greensboro, along with several citizen Plaintiffs, brought this action and alleged standing on its own and under a theory of association or organizational standing on behalf of the residents of the City of Greensboro. The Intervenors' motion before the Court at this time does not address or challenge standing of the individual citizen-Plaintiffs, as set forth in the Plaintiffs' Complaint.

The Intervenors offer this memorandum of law in support of that motion.

I. **Standing, generally.**

Standing has three elements: injury, causation, and redressability. *Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997). To achieve standing, the Plaintiff must show the Court evidence to support:

> (1) the plaintiff suffered an injury in fact, which is an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, not conjectural or hypothetical; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision of the court.

*S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 329 (4th Cir. 2008)

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice [to satisfy these elements], for on a motion to dismiss [the court] presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562-63 (1992).

## II. The City of Greensboro cannot bring this action on behalf of its citizens under an organizational-standing theory or as *parens patriae*.

The City of Greensboro alleges that it has standing to participate in this action under a theory of organizational-standing. An organization may have standing on its own or on behalf of its members. *Md. Highways Contractors Ass'n, Inc. v. Maryland*, 933 F.2d 1246, 1250 (4th Cir. 1991). It appears from the Plaintiffs' Complaint that the City of Greensboro alleges standing to bring this action on its own behalf and on behalf of its citizens. (Doc. 1, Para. 14). The City of Greensboro's standing on its own is discussed in Section III of this memorandum.

To establish standing as an organization, that organization must allege: "(1) its own members would have standing to sue in their own right; (2) the interests the organization seeks to protect are germane to the organization's purpose; and (3) neither the claim nor the relief sought requires the participation of individual members in the lawsuit." *S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands*, LLC, 713 F.3d 175, 184 (4th Cir. 2013) (quoting *Md. Highways Contractors Ass'n, Inc. v. Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991).

The Plaintiff City of Greensboro cited to *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S., 333 (1977) in a previous brief in support of its organizational standing on behalf of the citizens of the City of Greensboro. This action before the Court is distinguishable from the supporting factors in *Hunt*. For example, the Plaintff here is the City of Greensboro, a general government entity and not a government entity with special purpose or common-interest membership. The Commission in *Hunt* was a state agency responsible for marketing and advocating on behalf of the apple industry in Washington. *Id.* at 344. The Court noted:

> "[The Commission] for all practical purposes performs the functions of a traditional trade association representing the Washington apple industry…its purpose is the protection and promotion of the Washington apple industry; and, in the pursuit of that end, it has engaged in advertising, market research and analysis, public education campaigns, and scientific research. It thus serves a specialized segment of the State's economic community which is the primary beneficiary of its activities…"

*Id.*

In *Hunt*, although the Commission was a government agency, it bore similarities with a private trade association. The Commission had members and conducted itself as a Chamber of Commerce or local trade group would. The Commission had a distinct purpose – advocating on behalf of the apple growers in Washington. The membership of the Commission was homogenous in so much as each entity had a shared interest in the apple industry. Here, we have a general government municipality; there are no "members" in the City of Greensboro; and this action is not in line with the purpose of a general government municipality.

*City of Olmsted Falls v. FAA*, 352 U.S. App. D.C. 30, 292 F.3d 261, 267 (2002) supports the Intervenors' position. In *City of Olmstead Falls*, the DC Circuit examined whether a municipality had standing to challenge a regulation on behalf of its citizens. *Id.* The Court stated "[t]he City does not have 'members' who have voluntarily associated, nor are the interests

it seeks to assert here germane to its *purpose.*" *Id.* at 268. The Court in *City of Olmstead Falls* reasoned that purported organizational standing by cities and municipalities is an attempt to circumvent a municipality bar on asserting standing under the theory of *parens patrie. Id.* Cities and municipalities, like counties, are denied standing on behalf of its citizens under as *parens patrie. See Warren County v. North Carolina*, 528 F.Supp. 276, 282-83 (E.D.N.C. 1981) (finding that Warren County could not maintain an action as *parens patriae* on behalf of its citizens.) The Court in Warren County noted that "counties, as political subdivisions of the state, have only those powers necessary to the accomplishment of their declared objectives. The powers are not sovereign but derivative, owing to their creation by the legislature." *Id.* at 283 (citing *Moody v. Transylvania County*, 271 N.C. 384, 156 S.E.2d 716 (1967); *Jefferson Standard v. Guilford County*, 225 N.C. 293, 34 S.E.2d 430 (1945)).

The constituent citizens of the City of Greensboro are diverse and offer conflicting viewpoints on this case as well, which is simply evidenced by the motions before this Court. The individual Plaintiffs in this action have offered one perspective while the Intervenors present an entirely different viewpoint on the matter. As the City of Greensboro is claiming organizational standing through its citizens as members, this conflict amongst its "members" is problematic. In *Associated Gen. Contractors v. Otter Tail Power Co.*, 611 F.2d 684 (8th Cir. 1979), the Eighth Circuit analyzed a case where the standing of a trade association to bring antitrust claims was challenged. The Court found that the organization is too diverse and that the possibility of conflict among the members over this decision to pursue an action too obvious. *Id.* at 691. The Court stated in its opinion that "[the members'] status and interests are too diverse and the possibilities of conflict too obvious to make the association an appropriate vehicle to

litigate the claims of its members...some stand to benefit from working on the project under the Agreement and still others will be hurt by not being able to do so." *Id.*

The Fourth Circuit has cited to *Associated Gen. Contractors* in a case with a similar outcome; in *Md. Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1252 (4th Cir. 1991) this Circuit held that an association failed the third-prong of the *Hunt* test, as set forth above, when conflict existed among its members concerning the particular issue being litigated. The Court stated that the third prong of the *Hunt* test " is not met when conflicts of interest among members of the association require that the members must join the suit individually in order to protect their own interests." *Id.*

Because the City of Greensboro is a general government entity, organizational standing under Hunt is barred. Further, standing is improper because of the varied interests and conflicting viewpoints by the members of the City of Greensboro.

### III. City of Greensboro does not have standing on behalf of itself to challenge the Greensboro Act in this action under the Fourteenth Amendment.

The City of Greensboro is challenging the "Greensboro Act" further on behalf of itself on the theory that it violates the Fourteenth Amendment's equal protection clause. The City of Greensboro does not have standing to challenge the "Greensboro Act" under the Fourteenth Amendment. "It is well established that '(political) subdivisions of a state may not challenge the validity of a state statute under the Fourteenth Amendment.'" *S. Lake Tahoe v. Cal. Tahoe Reg'l Planning Agency*, 625 F.2d 231, 233 (9th Cir. 1980) (quoting *City of New York v. Richardson*, 473 F.2d 923, 929 (2d Cir.), cert. denied, 412 U.S. 950, 93 S. Ct. 3012, 37 L. Ed. 2d 1002 (1973)). The Supreme Court has supported this position and stated further that "[a] municipal corporation, created by a state for the better ordering of government, has no privileges or

immunities under the Federal Constitution which it may invoke in opposition to the will of its creator." *Williams v. Baltimore*, 289 U.S. 36, 40 (1933).

The Seventh Circuit examined a similar issue in *Village of Arlington Heights v. Regional Transp. Authority*, 653 F.2d 1149 (7th Cir. 1981). There, a group of citizen-plaintiffs and a municipal plaintiff challenged a tax imposed by a regional transportation authority authorized by the State of Illinois. *Id.* The Court affirmed the District Court's holding that the municipality did not have standing to bring the action. The Court stated that the municipalities "cannot challenge the validity of a state statute under the Fourteenth Amendment because they are creatures and instrumentalities of the state." *Id.* at 1152 (internal quotation marks omitted.) The Court dismissed the citizen-parties under 28 U.S.C.S. § 1341, but noted that it was the "individual plaintiffs, who ultimately bear the burden of the tax, have a real interest in the case and are adversely affected by the imposition of the sales tax." *Id.* at 1151.

The passage from *Williams* was examined by the Fourth Circuit in a case involving the City of Charleston in an action where an allegation was made in the context of the Contract Clause of the United States Constitution. *City of Charleston v. Public Serv. Comm'n*, 57 F.3d 385 (4th Cir. 1995). In examining the case, the Fourth Circuit explained that *Williams* was followed "largely in Fourteenth Amendment cases" and cited to reported cases in the Fifth Circuit, the Seventh Circuit, the Ninth Circuit, and the Second Circuit supporting the proposition of the Intervenor-Defendants here. *Id.* at 389; see, generally *Town of Ball v. Rapides Parish Police Jury*, 746 F.2d 1049, 1051 n.1 (5th Cir. 1984) (stating that municipal corporations have no standing under the Fourteenth Amendment in opposition of its creator, but that aggrieved citizens may bring the action); *City of South Lake Tahoe v. California Tahoe Regional Planning Agency*,

625 F.2d 231, 233-34 (9th Cir.), *cert. denied*, 449 U.S. 1039 (1980); *City of New York v. Richardson*, 473 F.2d 923, 929 (2d Cir.), *cert. denied*, 412 U.S. 950 (1973).

It appears that while the Fourth Circuit has not addressed this issue directly, this Circuit has acknowledged the Supreme Court's previous holding in *Williams* and discussed the cases in other circuits where municipal corporations were denied standing on Fourteenth Amendment issues against the State or an organ of the State.

Although the individual-Plaintiffs in this action are the only ones to seek relief under a "one person-one vote" theory, the City of Greensboro is barred from that route as well. The "one person-one vote" theory is based upon an equal protection argument under the Fourteenth Amendment of the United States Constitution. *See generally*, *Baker v. Carr*, 369 U.S. 186 (1962).

The challenges attack directly a statute passed by the North Carolina General Assembly, which directs its political subdivisions to set forth the City Council voting districts in a particular manner. The City of Greensboro and citizen-Plaintiffs are requesting that the state statute is declared unconstitutional as a violation of their collective equal protection rights under the Fourteenth Amendment. Based on the foregoing case-law set forth above, the City of Greensboro does not have standing to bring this action or participate henceforward for lack of standing.

This brief is respectfully submitted this 25th day of August, 2015.

                              NARRON, O'HALE AND
                              WHITTINGTON, P.A.

By: /s/ Benton G. Sawrey
     Benton G. Sawrey (#46379)
     *Attorney for Intervenor-Defendants*
     Post Office Box 1567
     Smithfield, NC 27577
     Tel: (919) 934-6021
     Fax: (919) 934-6280
     bsawrey@nowlaw.com

{N0043293.DOCX; 5}

CERTIFICATE OF SERVICE

The undersigned attorney certifies that this day he has electronically filed the foregoing Memorandum of Law in the above-titled action with the Clerk of Court using the CM/ECF system, which provided notice of such filing to:

Mark Payne, County Attorney
Guilford County Attorney's Office
Attorney for Defendant Guilford County Board of Elections
PO Box 3427
Greensboro, NC 27402

Jim W. Phillips, Jr.
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
Attorney for City of Greensboro
Post Office Box 26000
Greensboro, N.C. 27420-6000

Julia C. Ambrose
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
Attorney for City of Greensboro
Post Office Box 26000
Greensboro, N.C. 27420-6000

Daniel F.E. Smith
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
Attorney for City of Greensboro
Post Office Box 26000
Greensboro, N.C. 27420-6000

Anita S. Earls
Southern Coalition for Justice
Attorney for Plaintiffs Brandon, Johnson, Johnson, Koritz and Koritz
1415 West Highway 54, Suite 101
Durham, N.C. 27707

Anita S. Earls
Southern Coalition for Justice
Attorney for Plaintiffs Brandon, Johnson, Johnson, Koritz and Koritz
1415 West Highway 54, Suite 101
Durham, N.C. 27707

Respectfully submitted this 25th day of August, 2015

/s/ Benton G. Sawrey
Benton G. Sawrey

{N0043293.DOCX; 5}