IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION No. 1:15-CV-559

| | |
|---|---|
| THE CITY OF GREENSBORO, LEWIS A. BRANDON III, JOYCE JOHNSON, NELSON JOHNSON, RICHARD ALAN KORITZ, SANDRA SELF KORITZ, AND CHARLI MAE SYKES, <br><br>  Plaintiffs, <br><br> vs. <br><br> GUILFORD COUNTY BOARD OF ELECTIONS, <br><br>  Defendants. | ANSWER AND AFFIRMATIVE DEFENSES |

NOW COMES, Defendant, Guilford County Board of Elections, (hereinafter "GC BOE") without waiving any motions or defenses not set out herein, in answer to Plaintiffs' Complaint, and alleges, avers and says as follows.

## FIRST AFFIRMATIVE DEFENSE: MOTION TO DISMISS
### Fed. R. Civ. P., Rule 12(b)(7)

The Defendant asserts that it is not the legislative body within which the Plaintiffs' causes of action where derived or where a final remedy can be rendered by the Court such that a final resolution may be issued in the matter. The Plaintiffs have failed to join the necessary parties to this action pursuant to Fed. Civ. P. Rule 19 and, therefore, the Defendant moves this Court to dismiss the Plaintiffs' Complaint against Defendant Guilford County Board of Elections.

**SECOND AFFIRMATIVE DEFENSE: GOVERNMENTAL IMMUNITY**

Defendant asserts governmental immunity and N.C. Gen. Stat. §153A-435 in bar of Plaintiffs' claims in that the Complaint complains of governmental acts with respect to which Plaintiffs must plead and prove a waiver of governmental immunity. At all times relevant to the acts alleged in the Plaintiffs' Complaint, Defendant, acted reasonably, properly, lawfully, and in good faith in the exercise of its discretion within the laws established in the State of North Carolina. As a result Defendant is entitled to governmental immunity.

**THIRD AFFIRMATIVE DEFENSE: COMPLIANCE WITH EXISTING LAW**

The Defendant has not violated any rights, privileges or immunities secured to the Plaintiffs by the Constitution or laws of the United States, the State of North Carolina or any political subdivision thereof, nor has Defendant violated any act of Congress providing for the protection of civil rights.

**FOURTH AFFIRMATIVE DEFENSE: ADOPTION OF ENACTMENT**

Under North Carolina law, the Defendant, as a county board of elections, has no authority to act in a manner inconsistent with the statutes governing elections and are merely acting in a ministerial capacity and can only carry out duties as detailed by statute and the State Board. Neither a public entity nor a public employee is liable for any injury caused by the adoption, or failure to adopt, an enactment or by the failure to enforce an enactment. Therefore, the Plaintiffs' requests for relief against the Defendant should be barred.

## FIFTH AFFIRMATIVE DEFENSE: ENFORCMENT OF ESTABLISHED NORTH CAROLINA LAW

The Defendant acts, and has acted, within the scope of the laws as set forth in North Carolina. Neither a public entity nor a public employee is liable for its or his act or omission, exercising due care, in the execution or enforcement of any law. Therefore, the Plaintiffs should be barred from any recovery for their requests for relief against the Defendant.

## SIXTH AFFIRMATIVE DEFENSE: RESERVATION OF RIGHTS

The Defendant reserves the right to amend this Answer and Affirmative Defenses to include affirmative defenses that may become apparent throughout the course of further investigation and/or discovery.

## SEVENTH AFFIRMATIVE DEFENSE: RESPONSE TO ENUMERATED PARAGRAPHS:

### *RESPONSE TO* OVERVIEW

1. Paragraph 1 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial and which requires the Defendant to render a response which may be misconstrued as assumption of a position which is contrary to fairness and impartiality regarding the elections process. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

## *RESPONSE TO* **PARTIES**

2. Upon information and belief, the information contained in Paragraph 2 of the Plaintiffs' Complaint is admitted.

3. Paragraph 3 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

4. Paragraph 4 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

5. Paragraph 5 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

6. Paragraph 6 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

7. Paragraph 7 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

8. To the extent that Paragraph 8 of the Plaintiffs' Complaint expresses and implies that the Defendant is created under the state statute and can act only in accordance

with state law, the allegations are admitted. All other allegations, express or implied, are hereby denied.

## *RESPONSE TO* **JURISDICTION AND VENUE**

9. The information contained in Paragraph 9 of the Plaintiffs' Complaint does not contain information upon which the Defendant is required to submit an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

10. The allegations contained in Paragraph 10 of the Plaintiffs' Complaint are admitted.

11. The allegations contained in Paragraph 11 of the Plaintiffs' Complaint are admitted.

12. The allegations contained in Paragraph 12 of the Plaintiff's Complaint are denied.

13. The allegations contained in Paragraph 13 of the Plaintiff's Complaint are denied.

## *RESPONSE TO* **STANDING**

14. The allegations contained in Paragraph 14 of the Plaintiff's Complaint are admitted.

15. The Defendant admits the allegations in Paragraph 15 only to the extent that the Citizen Plaintiffs have standing to bring this action. The remaining allegations require the Defendant to render a response which may be misconstrued as assumption of a position which is contrary to fairness and impartiality regarding

5

the elections process. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the remaining allegations are denied in Paragraph 15 and subparagraphs 15(a) through 15(c).

16. The allegations contained in Paragraph 16 of the Plaintiff's Complaint are admitted.

### *RESPONSE TO* THE LEGISLATIVE HISTORY OF THE GREENSBORO ACT

17. The Defendant admits the allegations in Paragraph 17 only to the extent that the Greensboro Act alters the structures and methods of election of both the Greensboro City Council and the Trinity City Council in some manner. The remaining allegations require the Defendant to render a response which may be misconstrued as assumption of a position which is contrary to fairness and impartiality regarding the elections process. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the remaining allegations in Paragraph 17 are denied.

18. Upon information and belief, the allegations contained in Paragraph 18 are admitted.

19 – 32. Paragraphs 19 - 32 of the Plaintiffs' Complaint contain information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

33. Upon information and belief, Paragraph 33 of the Plaintiffs' Complaint is admitted.

## *RESPONSE TO* **THE GREENSBORO ACT IS UNCONSTITUTIONAL**

I. The information contained in Paragraph I of the Plaintiffs' Complaint is a legal conclusion. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

   34 – 39. Upon information and belief, the allegations contained in Paragraphs 34 – 39 of the Plaintiffs' Complaint are admitted.

   40. Paragraph 40 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

II. The information contained in Paragraph II of the Plaintiffs' Complaint is a legal conclusion. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

   41. Paragraph 41, including subparagraphs 41(a) – 41(e), of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

   42. Upon information and belief, the Defendant admits the allegations contained in Paragraph 42 of the Plaintiffs' Complaint to the extent that Paragraph 42 quotes Section 2(b) of Session Law 2015-138. All other allegations contained in Paragraph 42, express or implied, are denied.

III. The information contained in Paragraph III of the Plaintiffs' Complaint is a legal conclusion. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

43. Upon information and belief, the allegations contained in Paragraph 43 of the Plaintiffs' Complaint are admitted.

44. Paragraph 44 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

45. Paragraph 45 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

46. Paragraph 46 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

47. Paragraph 47 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

48. Paragraph 48 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

49. Upon information and belief, the allegations in Paragraph 49 of the Plaintiffs' Complaint are admitted.

50. Upon information and belief, the allegations in Paragraph 50 of the Plaintiffs' Complaint are admitted.

51. Upon information and belief, the allegations in Paragraph 51 of the Plaintiffs' Complaint are admitted.

52. Paragraph 52 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

53. Paragraph 53 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

54. Paragraph 54 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

55. Paragraph 55 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

56. Paragraph 56, including subparagraphs 56(a) – 56(h), of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

57. Paragraph 57 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

58. Paragraph 58 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

IV. The information contained in Paragraph IV of the Plaintiffs' Complaint is a legal conclusion. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

59. Paragraph 59 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

60. To the extent that Paragraph 60 of the Plaintiffs' Complaint alleges that changes were made as to redistricting for the City of Greensboro weeks prior to the July 27, 2015 opening of the filing period for candidates seeking election to the Greensboro City Council, the Defendant admits that allegation. All other allegations, express or implied, of Paragraph 60 of the Plaintiffs' Complaint contain information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the remaining allegations are denied.

61. Paragraph 61 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

62. Upon information and belief, the allegations contained in Paragraph 62 of the Plaintiffs' Complaint are admitted.

63. Paragraph 63 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

64. Paragraph 64 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

65. Paragraph 65 of the Plaintiffs' Complaint contains information upon which the Defendant has insufficient knowledge upon which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

### *RESPONSE TO* FIRST CAUSE OF ACTION
**Violation of Equal Protection**
**42 U.S.C. § 1983; N.C. Const. Art. I, § 19**
*(On behalf of the City of Greensboro and the Citizen Plaintiffs)*

66. The allegations contained in Paragraph 66 of the Plaintiffs' Complaint are reassertions of the allegations contained in Paragraphs 1 – 65 and to which the Defendant re-alleges and incorporates herein by reference all of its affirmative defenses and responses in the foregoing paragraphs as though fully set forth.

67. Upon information and belief, the allegations contained in Paragraph 67 of the Plaintiffs' Complaint are admitted.

68. Upon information and belief, the allegations contained in Paragraph 68 of the Plaintiffs' Complaint are admitted.

69. The information contained in Paragraph 69 of the Plaintiffs' Complaint are legal conclusions upon which the Defendant is not required to admit or deny. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

70. The information contained in Paragraph 70 of the Plaintiffs' Complaint are legal conclusions upon which the Defendant is not required to admit or deny. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

71. The information contained in Paragraph 71 of the Plaintiffs' Complaint are legal conclusions upon which the Defendant is not required to admit or deny. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the remaining allegations are denied.

72. The information contained in Paragraph 72 of the Plaintiffs' Complaint are legal conclusions upon which the Defendant is not required to admit or deny. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

73. The information contained in Paragraph 73 of the Plaintiffs' Complaint are legal conclusions upon which the Defendant is not required to admit or deny. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

### *RESPONSE TO*  SECOND CAUSE OF ACTION
**42 U.S.C. § 1983; N.C. Const. Art. I, § 19**
**Violation of Equal Protection**
*(On behalf of the Citizen Plaintiffs)*

74. The allegations contained in Paragraph 74 of the Plaintiffs' Complaint are reassertions of the allegations contained in Paragraphs 1 – 73 and to which the Defendant re-alleges and incorporates herein by reference all of its affirmative defenses and responses in the foregoing paragraphs as though fully set forth.

75. Upon information and belief, the allegations contained in Paragraph 75 of the Plaintiffs' Complaint are admitted.
76. Upon information and belief, the allegations contained in Paragraph 76 of the Plaintiffs' Complaint are admitted.
77. The information contained in Paragraph 77 of the Plaintiffs' Complaint are legal conclusions upon which the Defendant is not required to admit or deny. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.
78. The information contained in Paragraph 78 of the Plaintiffs' Complaint are legal conclusions upon which the Defendant is not required to admit or deny. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.
79. The information contained in Paragraph 79 of the Plaintiffs' Complaint are legal conclusions upon which the Defendant is not required to admit or deny. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.
80. The information contained in Paragraph 80 of the Plaintiffs' Complaint are legal conclusions upon which the Defendant is not required to admit or deny. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.
81. The information contained in Paragraph 81 of the Plaintiffs' Complaint are legal conclusions upon which the Defendant is not required to admit or deny. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

WHEREFORE, the Defendant respectfully prays the Court that:

1. In that Paragraphs a through h constitute Plaintiffs' Prayer for Relief, Defendant answers and respectfully prays this Court to dismiss this action against Defendant as to Plaintiffs' claims for relief. With respect to all claims, Defendant prays this Court issue no injunctive relief. To the extent Paragraphs a through h contain allegations that constitute conclusions of law, said conclusions are neither admitted nor denied. As to any remaining allegations set forth in these Paragraphs a through h, Defendant is without sufficient knowledge or information to admit or deny. Thus, for the reasons set forth above, the remaining allegations in Paragraphs a through h are denied.

This the 25th day of September, 2015.

/s/J. Mark Payne
J. Mark Payne (N.C.S.B. No. 11046)
Attorney for Defendant
Guilford County, North Carolina
mpayne@co.guilford.nc.us

OFFICE OF GUILFORD COUNTY ATTORNEY
301 W. Market Street
PO Box 3427 (27402)
Greensboro, N.C. 27401
Phone: (336) 641-3852
Fax: (336) 641-3642

# CERTIFICATE OF SERVICE

The undersigned attorney certifies that this day he has electronically filed the foregoing *Answer and Affirmative Defenses* in the above-titled action with the Clerk of Court using the CM/ECF system, which provided notice of such filing to:

Jim W. Phillips, Jr.
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
*Attorney for City of Greensboro*
Post Office Box 26000
Greensboro, N.C. 27420-6000

Anita S. Earls
Southern Coalition for Justice
*Attorney for Plaintiffs Brandon,
Johnson, Johnson, Koritz and Koritz*
1415 West Highway 54, Suite 101
Durham, N.C. 27707

Julia C. Ambrose
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
*Attorney for City of Greensboro*
Post Office Box 26000
Greensboro, N.C. 27420-6000

Allison J. Riggs
Southern Coalition for Justice
*Attorney for Plaintiffs Brandon,
Johnson, Johnson, Koritz and Koritz*
1415 West Highway 54, Suite 101
Durham, N.C. 27707

Daniel F. E. Smith
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
*Attorney for City of Greensboro*
Post Office Box 26000
Greensboro, N.C. 27420-6000

Benton G. Sawrey
*Attorney for Intervenor-Movants*
Post Office Box 1567
Smithfield, N.C. 27577

This the 25th day of September, 2015.

/s/ J. Mark Payne
J. Mark Payne

OFFICE OF GUILFORD COUNTY ATTORNEY
301 W. Market Street
PO Box 3427 (27402)
Greensboro, N.C. 27401
336-641-3852 (phone)
336-641-3642 (facsimile)