IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THE CITY OF GREENSBORO, et al., )
)
        Plaintiffs, )
)
v. )    1:15-CV-559
)
GUILFORD COUNTY BOARD OF )
ELECTIONS, )
)
        Defendant. )

# ORDER

Several residents of the City of Greensboro move to intervene to defend state legislation making numerous changes to Greensboro municipal elections against constitutional challenges. (Doc. 41.) These residents, Melvin Alston, Jean Brown, Hurley Derrickson, Stephen Golimowski, Wayne Goodson, Earl Jones, Sharon Kasica, Jim Kee, and William Clark Porter, contend they should be allowed to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). In the alternative, they contend permissive intervention under Rule 24(b)(1)(B) is appropriate. The defendant Guilford County Board of Elections does not object, (*see* Doc. 41 at 1), but the plaintiffs oppose intervention. (Doc. 47.)

While the movants have not shown a "significantly protectable interest" to support intervention of right under Rule 24(a)(2), *Donaldson v. United States*, 400 U.S. 517, 531 (1971), *superseded by statute on other grounds*, 26 U.S.C. § 7609, the Court concludes in its discretion that permissive intervention under Rule 24(b)(1)(B) is appropriate in the peculiar circumstances of this case.

A court may allow intervention where an individual shows "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). An intervenor need not have any "direct personal or pecuniary interest in the subject of the litigation." *Shaw v. Hunt*, 154 F.3d 161, 165 (4th Cir. 1998) (quoting *SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940)). The motion for intervention must be timely, *see* Fed. R. Civ. P. 24(b)(1), and a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, the movants seek to defend the constitutionality of redrawn districts and limits on other voter rights related to the municipal election process. (Doc. 49 at 2, 5.) That is the main question already at issue in the case, so at a minimum there is a common question of law. The Attorney General has not entered the case to defend the constitutionality of the legislation, nor have any other representatives of the state. (*See id.* at 2.) The only current defendant, the Guilford County Board of Elections, indicates it will assert some defenses, including standing, immunity, and failure to join necessary parties, (Doc. 50 at 1-2, 5-6), but that it will remain neutral on the substantive issues raised by the complaint. (*See* Doc. 27 at 5.)

The Court and the process will likely benefit from the inclusion of litigants who will defend the legislation, develop a more complete factual record, and provide more thorough briefing. The motion is timely filed, as the complaint was filed just over three months ago, (Doc. 1), and there is no prejudice to the current parties. The movants do

2

not propose to add new issues to the litigation, and the Court has no reason to think the movants will disrupt or delay the discovery process, dispositive motions, or trial.[1]

The plaintiffs suggest the movants' participation in discovery should be limited. (Doc. 47 at 17 n.2.) The Court agrees. For example, the movants acknowledge they have no personal knowledge about the factual matters at issue, (Doc. 49 at 9; Doc. 41-2 at ¶¶ 17-31), so it seems unlikely they will testify at trial or need to be deposed. Other limits may be appropriate to avoid unnecessary delay or expense. The Court authorizes the Magistrate Judge overseeing the discovery process to impose reasonable limits for discovery of and by the movants, including, if appropriate, the limits suggested by the plaintiffs. (*See* Doc. 47 at 17 n.2.)

It is **ORDERED** that the movants' amended motion to intervene, (Doc. 41), is **GRANTED**. The movants are aligned as defendants. The movants shall file their answer no later than November 7.

This the 30th day of October, 2015.

UNITED STATES DISTRICT JUDGE

---

[1] If an arm of the state comes forward to defend the case or intervene as a defendant, or if the movants' participation fails to produce expected benefits, causes unexpected delays or problems, unnecessarily expands the case, or otherwise interferes with or complicates resolution of the issues, the Court may re-examine its decision.