IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:15-CV-559

| | | |
|---|---|---|
| CITY OF GREENSBORO, LEWIS A. BRANDON III, JOYCE JOHNSON, NELSON JOHNSON, RICHARD ALAN KORITZ, SANDRA SELF KORITZ, AND CHARLI MAE SYKES | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ANSWER |
| GUILFORD COUNTY BOARD OF ELECTIONS, et al | ) ) ) | |
| Defendant. | ) | |

Individual-Defendants, Melvin Alston, Jean Brown, Hurley Derrickson, Stephen Golimowski, Wayne Goodson, Earl Jones, Jim Kee, Sharon Kasica, and William Clark Porter ("Individual-Defendants"), by and through their undersigned counsel, hereby submit this Answer the Plaintiffs' Complaint:

FIRST DEFENSE

Individual-Defendants answer the specific allegations of the Plaintiffs' Complaint as follows:

1. Session Law 2015-138, attached to the Complaint as Exhibit A speaks for itself and no further answer is necessary or appropriate. The balance of the averments in Paragraph 1 of the Complaint are hereby denied.

{N0048475.DOCX; 1}

## Parties

2. Admitted.

3. The first sentence of Paragraph 3 of the Complaint is admitted upon information and belief. The balance of Paragraph 3 is denied.

4. To the extent that Paragraph 4 states that Lewis A. Brandon III resides in a particular district, it is admitted upon information and belief. The balance of Paragraph 4 is denied.

5. To the extent that Paragraph 5 states that Richard Alan Koritz resides in a particular district, it is admitted upon information and belief. The balance of Paragraph 5 is denied.

6. To the extent that Paragraph 6 states that Richard Alan Koritz and Sandra Self Koritz reside in a particular district, it is admitted upon information and belief. The balance of Paragraph 6 is denied.

7. To the extent that Paragraph 7 states that Charli Mae Sykes resides in a particular district, it is admitted upon information and belief. The balance of Paragraph 7 is denied.

8. Admitted.

## Jurisdiction and Venue

9. Admitted.

10. To the extent that Paragraph 10 alleges that this Court has jurisdiction over Federal matters, it is admitted. The balance of Paragraph 10 is denied.

11. Individual-Defendants admit that the cited statutes speak for themselves and this Court has the authority to issue declaratory and injunctive relief. Except as specifically set forth herein, the balance of Paragraph 11 is denied.

12. The Individual-Defendants consent to venue in this District.

13. To the extent that Paragraph 13 calls for a legal conclusion, no response is necessary or appropriate. Except as specifically addressed herein, any remaining allegations of Paragraph 13 of the Complaint are denied.

## Standing

14. Denied. By way of further answer, it is alleged that the City of Greensboro has not been injured, does not have organizational or association standing on behalf of its citizens, and cannot maintain this action otherwise on its own as a violation of equal protection.

15. Denied.

16. Denied.

## The Legislative History of the Greensboro Act

17. House Bill 263, as ratified, speaks for itself and no further answer is required or necessary. Individual-Defendants have no knowledge of the remaining averments in Paragraph 17 of the Complaint concerning the procedural nature in which Senate Bill 36 was considered by the North Carolina General Assembly, and therefore deny the same.

18. Individual-Defendants admit that the legislative history of Senate Bill 36 is public record and speaks for itself.  Individual-Defendants have no knowledge of the remaining averments in Paragraph 18 of the Complaint concerning the procedural nature in which Senate Bill 36 was considered by the North Carolina General Assembly, and therefore deny the same.

19. Individual-Defendants admit that the legislative history of Senate Bill 36 is public record and speaks for itself.  Individual-Defendants have no knowledge of the remaining averments in Paragraph 19 of the Complaint concerning the procedural nature in which Senate Bill 36 was considered by the North Carolina General Assembly, and therefore deny the same.

20. Individual-Defendants admit that the legislative history of Senate Bill 36 is public record and speaks for itself.  Individual-Defendants have no knowledge of the remaining averments in Paragraph 20 of the Complaint concerning the procedural nature in which Senate Bill 36 was considered by the North Carolina General Assembly, and therefore deny the same.

21. Individual-Defendants admit that the legislative history of Senate Bill 36 is public record and speaks for itself.  Individual-Defendants have no knowledge of the remaining averments in Paragraph 21 of the Complaint concerning the procedural nature in which Senate Bill 36 was considered by the North Carolina General Assembly, and therefore deny the same.

22. Individual-Defendants admit that the legislative history of Senate Bill 36 is public record and speaks for itself. Individual-Defendants have no knowledge of the remaining averments in Paragraph 22 of the Complaint concerning the procedural nature in which Senate Bill 36 was considered by the North Carolina General Assembly, and therefore deny the same.

23. Individual-Defendants admit that the legislative history of House Bill 263 is public record and speaks for itself. Individual-Defendants have no knowledge of the remaining averments in Paragraph 23 of the Complaint concerning the procedural nature in which House Bill 263 was considered by the North Carolina General Assembly, and therefore deny the same.

24. The committee meeting agenda attached to the Complaint as Exhibit B speaks for itself and no further answer is necessary or appropriate. Individual-Defendants admit that the legislative history of House Bill 263 is public record and speaks for itself. To the extent that Paragraph 24 of the Complaint discusses other matters, the Individual-Defendants have no knowledge concerning the procedural nature in which House Bill 263 was considered by the North Carolina General Assembly, and therefore deny the same. Except as specifically addressed herein, any remaining allegations of Paragraph 24 of the Complaint are denied.

25. Individual-Defendants admit that the legislative history of House Bill 263 is public record and speaks for itself. Individual-Defendants have no knowledge of the remaining averments in Paragraph 25 of the Complaint concerning the procedural

nature in which House Bill 263 was considered by the North Carolina General Assembly, and therefore deny the same.

26. Individual-Defendants admit that the legislative history of House Bill 263 is public record and speaks for itself. Individual-Defendants have no knowledge of the remaining averments in Paragraph 26 of the Complaint concerning the procedural nature in which House Bill 263 was considered by the North Carolina General Assembly, and therefore deny the same.

27. Individual-Defendants admit that the legislative history of House Bill 263 is public record and speaks for itself. Individual-Defendants have no knowledge of the remaining averments in Paragraph 27 of the Complaint concerning the procedural nature in which House Bill 263 was considered by the North Carolina General Assembly, and therefore deny the same.

28. Individual-Defendants admit that the legislative history of House Bill 263 is public record and speaks for itself. Individual-Defendants have no knowledge of the remaining averments in Paragraph 28 of the Complaint concerning the procedural nature in which House Bill 263 was considered by the North Carolina General Assembly, and therefore deny the same.

29. The conference committee substitute bill attached to the Complaint as Exhibit C speaks for itself and no further answer is necessary or appropriate. Individual-Defendants admit that the legislative history of House Bill 263 is public record and speaks for itself. To the extent that Paragraph 29 of the Complaint discusses

other matters, the Individual-Defendants have no knowledge concerning the procedural nature in which House Bill 263 was considered by the North Carolina General Assembly, and therefore deny the same. Except as specifically addressed herein, any remaining allegations of Paragraph 29 of the Complaint are denied.

30. Individual-Defendants admit that the legislative history of House Bill 263 is public record and speaks for itself. Individual-Defendants have no knowledge of the remaining averments in Paragraph 30 of the Complaint concerning the procedural nature in which House Bill 263 was considered by the North Carolina General Assembly, and therefore deny the same.

31. Individual-Defendants admit that certain matters set forth herein are public record. Individual-Defendants have no knowledge of the averments in Paragraph 31 of the Complaint concerning the procedural nature in which House Bill 263 was considered by the North Carolina General Assembly, and therefore deny the same.

32. Individual-Defendants admit that the vote taken on July 2 for House Bill 263 is public record. Except as specifically addressed herein, any remaining allegations of Paragraph 32 of the Complaint are denied.

33. Session Law 2015-138 speaks for itself and no further answer is appropriate or necessary. Except as specifically addressed herein, any remaining allegations of Paragraph 33 of the Complaint are denied.

## The Greensboro Act is Unconstitutional

34. Part 4 of Article 5 of Chapter 160A of the North Carolina General Statutes speaks for itself and no further answer is necessary or appropriate. Except as specifically addressed herein, any remaining allegations of Paragraph 34 of the Complaint are denied.

35. N.C. Gen. Stat. § 160A-101 speaks for itself and no further answer is necessary or appropriate. Except as specifically addressed herein, any remaining allegations of Paragraph 35 of the Complaint are denied.

36. N.C. Gen. Stat. § 160A-101 and 102 speak for themselves and no further answer is necessary or appropriate. Except as specifically addressed herein, any remaining allegations of Paragraph 36 of the Complaint are denied.

37. N.C. Gen. Stat. § 160A-102 and 103, and N.C. Gen. Stat. § 163-287 speak for themselves and no further answer is necessary or appropriate. Except as specifically addressed herein, any remaining allegations of Paragraph 37 are denied.

38. N.C. Gen. Stat. § 160A-101, 103, and 104, and N.C. Gen. Stat. § 163-287 speak for themselves and no further answer is necessary or appropriate. Except as specifically addressed herein, any remaining allegations of Paragraph 38 are denied.

39. N.C. Gen. Stat. § 160A-103 and 104 speak for themselves and no further answer is necessary or appropriate. Except as specifically addressed herein, any remaining allegations of Paragraph 39 of the Complaint are denied.

40. It is admitted the City of Greensboro is using a referendum to determine whether to extend council member terms limits. Previous referenda put forth are a matter of public record. Except as specifically addressed herein, any remaining allegations of Paragraph 40 of the Complaint are denied.

41. Session Law 2015-138 is a matter of public record and it speaks for itself, and therefore no further response is appropriate or necessary. Except as specifically addressed herein, any remaining allegations of Paragraph 41 of the Complaint are denied.

42. Session Law 2015-138 is a matter of public record and it speaks for itself, and therefore no further response is appropriate or necessary. Except as specifically addressed herein, any remaining allegations of Paragraph 42 of the Complaint are denied.

43. Admitted. Session Law 2015-138 is a matter of public record and it speaks for itself, and therefore no further response is appropriate or necessary.

44. It is admitted that census data is a matter of public record and that the districts created by Session Law 2015-138 is a matter of public record, and that no further response is appropriate or necessary. Except as specifically addressed herein, any remaining allegations of Paragraph 44 of the Complaint are denied.

45. Individual-Defendants are without knowledge or sufficient information to form a belief about the truth of the averments in Paragraph 45, and therefore deny the same.

46. Individual-Defendants are without knowledge or sufficient information to form a belief about the truth of the averments in Paragraph 46, and therefore deny the same.

47. Individual-Defendants are without knowledge or sufficient information to form a belief about the truth of the averments in Paragraph 47, and therefore deny the same.

48. Denied. By way of further answer, it is stated that several Individual-Defendants are minorities and prominent members of their respective communities. The Individual-Defendants would argue that this strengthens the minority presence on the City Council by creating more minority-majority Greensboro City Council districts.

49. It is admitted that census data is a matter of public record and that the districts created by Session Law 2015-138 are a matter of public record, and that no further response is appropriate or necessary. Except as specifically addressed herein, any remaining allegations of Paragraph 49 of the Complaint are denied.

50. It is admitted that census data is a matter of public record and that voter registration of citizens and composition of the Greensboro City Council is all public record, and that no further response is appropriate or necessary. Except as

specifically addressed herein, any remaining allegations of Paragraph 50 of the Complaint are denied.

51. It is admitted that census data is a matter of public record, that the districts created by Session Law 2015-138 is a matter of public record, and that the composition of the Greensboro City Council is a matter of public record. Therefore, no further response is appropriate or necessary. Except as specifically addressed herein, any remaining allegations of Paragraph 51 of the Complaint are denied.

52. It is admitted that the districts created by Session Law 2015-138 is a matter of public record, and that the composition of the Greensboro City Council is a matter of public record. Therefore, no further response is appropriate or necessary. Except as specifically addressed herein, any remaining allegations of Paragraph 52 of the Complaint are denied.

53. It is admitted that the districts created by Session Law 2015-138 is a matter of public record, and that the composition of the Greensboro City Council is a matter of public record. Therefore, no further response is appropriate or necessary. Except as specifically addressed herein, any remaining allegations of Paragraph 53 of the Complaint are denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. It is admitted that Session Law 2015-138 was ratified and implemented on July 27, 2015.  Except as specifically addressed herein, any remaining allegations of Paragraph 60 of the Complaint are denied.

61. It is admitted that Session Law 2015-138 was ratified and implemented on July 27, 2015.  Except as specifically addressed herein, any remaining allegations of Paragraph 61 of the Complaint are denied.

62. Admitted.

63. It is admitted that Session Law 2015-138 altered the date of the elections.  Except as specifically addressed herein, any remaining allegations of Paragraph 63 of the Complaint are denied.

64. It is admitted that without injunctive relief the provisions in Session Law 2015-138 will take effect.  Except as specifically addressed herein, any remaining allegations of Paragraph 64 of the Complaint are denied.

65. Denied.

### First Cause of Action

66. Individual-Defendants reallege and reincorporate the foregoing answers to Paragraphs 1-65 as if more fully set forth herein.

67. N.C. Gen. Stat. § 160A-101 and 102 speak for themselves and no further answer is necessary or appropriate. Except as specifically addressed herein, any remaining allegations of Paragraph 67 of the Complaint are denied.

68. Session Law 2015-138 speaks for itself and no further answer is appropriate or necessary. Except as specifically addressed herein, any remaining allegations of Paragraph 68 of the Complaint are denied.

69. Session Law 2015-138 speaks for itself and no further answer is appropriate or necessary. Except as specifically addressed herein, any remaining allegations of Paragraph 69 of the Complaint are denied.

70. Denied.

71. The text of N.C. Const. Art. XIV § 3 speaks for itself. Except as specifically addressed herein, any remaining allegations of Paragraph 71 of the Complaint are denied.

72. Denied.

73. Denied.

## Second Cause of Action

74. Individual-Defendants reallege and reincorporate the foregoing answers to Paragraphs 1-73 as if more fully set forth herein.

75. The allegations of this paragraph are argumentative or call for a legal conclusion and therefore no response is necessary or appropriate. Except as specifically

addressed herein, any remaining allegations of Paragraph 75 of the Complaint are denied.

76. The allegations of this paragraph are argumentative or call for a legal conclusion and therefore no response is necessary or appropriate.  Except as specifically addressed herein, any remaining allegations of Paragraph 76 of the Complaint are denied.

77. The allegations of this paragraph are argumentative or call for a legal conclusion and therefore no response is necessary or appropriate.  Except as specifically addressed herein, any remaining allegations of Paragraph 77 of the Complaint are denied.

78. The allegations of this paragraph are argumentative or call for a legal conclusion and therefore no response is necessary or appropriate.  Except as specifically addressed herein, any remaining allegations of Paragraph 78 of the Complaint are denied.

79. The allegations of this paragraph are argumentative or call for a legal conclusion and therefore no response is necessary or appropriate.  Except as specifically addressed herein, any remaining allegations of Paragraph 79 of the Complaint are denied.

80. Denied.

81. Denied.

## SECOND DEFENSE

Any allegations in paragraphs 1-81 of the Complaint not specifically admitted are denied.

## THIRD DEFENSE

The City of Greensboro has no standing to assert claims under an equal protection theory as to legislation promulgated by the State of North Carolina pursuant to Fed. R. Civ. P. 12(b)(1).  The State of North Carolina created the City of Greensboro as a municipal entity and the City derives its authority from the State.  The State, generally, may not assert claims that are more properly asserted by an injured individual who has standing to seek a remedy.

## FOURTH DEFENSE

The Citizen Plaintiffs, as set forth and defined in the Complaint, do not have standing to assert a claim under the equal protection clause or under the "one person-one vote" theory because they have not suffered any injury hereunder.  As such, the Citizen Plaintiffs are barred from asserting this claim.

## FIFTH DEFENSE

The City of Greensboro's claim for relief under the Fourteenth Amendment fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), in that Plaintiff City of Greensboro has not alleged a violation of the Fourteenth Amendment to the United States Constitution.

## SIXTH DEFENSE

The Citizen Plaintiffs' claim for relief under the Fourteenth Amendment fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), in that the Citizen Plaintiffs have not alleged a violation of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, the Individual-Defendants move the Court:

(1) That the Plaintiffs' Complaint is dismissed with prejudice, that judgment is entered for the Individual-Defendants on all claims, and that the Plaintiffs are sent hence without day;

(2) That Individual-Defendants be awarded their attorneys' fees and costs; and

(3) That the Individual-Defendants be awarded such other and further relief as this Court may deem just and proper.

This Answer is respectfully submitted this 6th day of November, 2015.

>	NARRON, O'HALE AND
>	  WHITTINGTON, P.A.
>
>	By: ___/s/ Benton Sawrey_____
>	     Benton G. Sawrey (#46379)
>	     *Attorney for Individual-Defendants*
>	     Post Office Box 1567
>	     Smithfield, NC 27577
>	     Tel: (919) 934-6021
>	     Fax: (919) 934-6280
>	     bsawrey@nowlaw.com

CERTIFICATE OF SERVICE

The undersigned attorney certifies that this day he has electronically filed the foregoing Answer in the above-titled action with the Clerk of Court using the CM/ECF system, which provided notice of such filing to:

Mark Payne, County Attorney
Guilford County Attorney's Office
Attorney for Defendant Guilford County Board of Elections
PO Box 3427
Greensboro, NC 27402

Jim W. Phillips, Jr.
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
Attorney for City of Greensboro
Post Office Box 26000
Greensboro, N.C. 27420-6000

Julia C. Ambrose
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
Attorney for City of Greensboro
Post Office Box 26000
Greensboro, N.C. 27420-6000

Daniel F.E. Smith
Brooks, Pierce, McLendon, Humphrey & Leonard, LLP
Attorney for City of Greensboro
Post Office Box 26000
Greensboro, N.C. 27420-6000

Anita S. Earls
Southern Coalition for Justice
Attorney for Plaintiffs Brandon, Johnson, Johnson, Koritz and Koritz
1415 West Highway 54, Suite 101
Durham, N.C. 27707

Allison J. Riggs
Southern Coalition for Justice
Attorney for Plaintiffs Brandon, Johnson, Johnson, Koritz and Koritz
1415 West Highway 54, Suite 101
Durham, N.C. 27707

Respectfully submitted this 6th day of November, 2015.

                        NARRON, O'HALE AND
                          WHITTINGTON, P.A.

/s/ Benton G. Sawrey
Benton G. Sawrey (#46379)
*Attorney for Individual-Defendants*
Post Office Box 1567
Smithfield, NC 27577
Tel: (919) 934-6021
Fax: (919) 934-6280
bsawrey@nowlaw.com