| | |
|---|---|
| THE CITY OF GREENSBORO, LEWIS A. BRANDON III, JOYCE JOHNSON, NELSON JOHNSON, RICHARD ALAN KORITZ, SANDRA SELF KORITZ, CHARLI MAE SYKES, AND MAURICE WARREN II, <br><br> Plaintiffs, <br><br> vs. <br><br> GUILFORD COUNTY BOARD OF ELECTIONS, <br><br> Defendants. <br><br> MELVIN ALSTON, JEAN BROWN, HURLEY DERRICKSON, STEPHEN GOLIMOWSKI, WAYNE GOODSON, EARL JONES, JIM KEE, SHARON KASICA, AND WILLIAM CLARK PORTER, <br><br> Intervenor-Defendants. | **ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT** |

NOW COMES, Defendant, Guilford County Board of Elections, (hereinafter "GC BOE") without waiving any motions or defenses not set out herein, in answer to Plaintiffs' Amended Complaint, and alleges, avers and says as follows.

## FIRST AFFIRMATIVE DEFENSE: INCORPORATION BY REFERENCE

GC BOE incorporates herein by reference its responses in the original Answer, filed November 6, 2015, to the Plaintiff's Complaint, filed July 13, 2015, including all affirmative defenses asserted and responses to the enumerated paragraphs alleged therein.

## SECOND AFFIRMATIVE DEFENSE: RESPONSE TO ENUMERATED PARAGRAPHS OF AMENDED COMPLAINT:

GC BOE incorporates herein by reference its responses in the Answer to the Plaintiff's original Complaint and asserts the following responses to the newly included sections and enumerated paragraphs of the Plaintiff's Amended Complaint:

### *IV. RESPONSE TO* District 2 in the Greensboro Act is unconstitutional racial gerrymander.

60. Upon information and belief, the information contained in Paragraph 60 of the Plaintiffs' Complaint is admitted.

61. Paragraph 61 of the Plaintiffs' Complaint contains information upon which GC BOE is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations on which to base an admission or denial. Further, the allegation contained herein this paragraph requires GC BOE to render a response which may be misconstrued as assumption of a position which is contrary to fairness and impartiality regarding the elections process. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

62. Paragraph 62 of the Plaintiffs' Complaint contains information upon which GC BOE is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations on which to base an admission or denial.

Further, the allegation contained herein this paragraph requires GC BOE to render a response which may be misconstrued as assumption of a position which is contrary to fairness and impartiality regarding the elections process. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

63. Paragraph 63 of the Plaintiffs' Complaint contains information upon which GC BOE is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations on which to base an admission or denial. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

64. Upon information and belief, the information contained in Paragraph 64 of the Plaintiffs' Complaint is admitted.

65. Paragraph 65 of the Plaintiffs' Complaint contains information upon which GC BOE is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations on which to base an admission or denial. Further, the allegation contained herein this paragraph requires GC BOE to render a response which may be misconstrued as assumption of a position which is contrary to fairness and impartiality regarding the elections process. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

66. Paragraph 66 of the Plaintiffs' Complaint contains information upon which GC BOE is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations on which to base an admission or denial. Further, the allegation contained herein this paragraph requires GC BOE to

render a response which may be misconstrued as assumption of a position which is contrary to fairness and impartiality regarding the elections process. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

67. Paragraph 67 of the Plaintiffs' Complaint contains information upon which GC BOE is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations on which to base an admission or denial. Further, the allegation contained herein this paragraph requires GC BOE to render a response which may be misconstrued as assumption of a position which is contrary to fairness and impartiality regarding the elections process. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

68. Paragraph 68 of the Plaintiffs' Complaint contains information upon which GC BOE is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations on which to base an admission or denial. Further, the allegation contained herein this paragraph requires GC BOE to render a response which may be misconstrued as assumption of a position which is contrary to fairness and impartiality regarding the elections process. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

## RESPONSE TO SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983; N.C. Const. Art. I, § 19
## Violation of Equal Protection
*(On behalf of the Citizen Plaintiffs)*

93. The allegations contained in Paragraph 93 of the Plaintiffs' Complaint are reassertions of the allegations contained in Paragraphs 1 – 92 and to which GC BOE re-alleges and incorporates herein by reference all of its affirmative defenses and responses in its original Answer and in this Amended Answer as though fully set forth.

94. Upon information and belief, the allegations contained in Paragraph 94 of the Plaintiffs' Complaint are admitted.

95. Paragraph 95 of the Plaintiffs' Complaint contains information upon which GC BOE is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations on which to base an admission or denial. Further, the allegation contained herein this paragraph requires GC BOE to render a response which may be misconstrued as assumption of a position which is contrary to fairness and impartiality regarding the elections process. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

96. The information contained in Paragraph 96 of the Plaintiffs' Complaint are legal conclusions upon which the Defendant is not required to admit or deny. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

97. The information contained in Paragraph 97 of the Plaintiffs' Complaint are legal conclusions upon which the Defendant is not required to admit or deny. Therefore, pursuant to Fed. R. Civ. P. Rule 8, the same is denied.

WHEREFORE, the Defendant GC BOE respectfully prays the Court that:

1. In that Paragraphs a through i constitute Plaintiffs' Prayer for Relief, GC BOE answers and respectfully prays this Court to dismiss this action against GC BOE as to Plaintiffs' claims for relief. With respect to all claims, GC BOE prays this Court issue no further injunctive relief. To the extent Paragraphs a through i contain allegations that constitute conclusions of law, said conclusions are neither admitted nor denied. As to any remaining allegations set forth in these Paragraphs a through i, GC BOE is without sufficient knowledge or information to admit or deny. Thus, for the reasons set forth above, any remaining allegations in Paragraphs a through i are denied.

This the 9th day of March, 2016.

/s/J. Mark Payne
J. Mark Payne (N.C.S.B. No. 11046)
Attorney for Defendant
Guilford County, North Carolina
mpayne@co.guilford.nc.us

OFFICE OF GUILFORD COUNTY ATTORNEY
301 W. Market Street
PO Box 3427 (27402)
Greensboro, N.C. 27401
Phone: (336) 641-3852
Fax: (336) 641-3642

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that this day he has electronically filed the foregoing *Answer and Affirmative Defenses In Response to Plaintiff's Amended Complaint* in the above-titled action with the Clerk of Court using the CM/ECF system, which provided notice of such filing to:

Jim W. Phillips, Jr.
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
*Attorney for City of Greensboro*
Post Office Box 26000
Greensboro, N.C. 27420-6000

Julia C. Ambrose
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
*Attorney for City of Greensboro*
Post Office Box 26000
Greensboro, N.C. 27420-6000

Daniel F. E. Smith
Brooks, Pierce, McLendon,
Humphrey & Leonard, LLP
*Attorney for City of Greensboro*
Post Office Box 26000
Greensboro, N.C. 27420-6000

Anita S. Earls
Southern Coalition for Justice
*Attorney for Plaintiffs Brandon, Johnson, Johnson, Koritz and Koritz*
1415 West Highway 54, Suite 101
Durham, N.C. 27707

Allison J. Riggs
Southern Coalition for Justice
*Attorney for Plaintiffs Brandon, Johnson, Johnson, Koritz and Koritz*
1415 West Highway 54, Suite 101
Durham, N.C. 27707

Benton G. Sawrey
*Attorney for Intervenor-Movants*
Post Office Box 1567
Smithfield, N.C. 27577

This the 10th day of March, 2016.

/s/ J. Mark Payne
J. Mark Payne

OFFICE OF GUILFORD COUNTY ATTORNEY

301 W. Market Street
PO Box 3427 (27402)
Greensboro, N.C. 27401

336-641-3852 (phone)
336-641-3642 (facsimile)