IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CITY OF GREENSBORO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:15-CV-559 |
| | ) | |
| GUILFORD COUNTY BOARD OF ELECTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The defendant-intervenors contend that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) because the plaintiffs have failed to join the State of North Carolina, Governor Patrick McCrory, the North Carolina State Board of Elections, and the executive director of the State Board of Elections as defendants and that these persons and entities are necessary parties. In the alternative, the defendant-intervenors ask the Court to join these same entities and persons as defendants in the case pursuant to Fed. R. Civ. P. 19(a)(1)(A). While some of these persons and entities might well be proper parties to this lawsuit, had the plaintiffs sued them and had those with Eleventh Amendment immunity waived it, none are necessary parties. It appears the Court can accord complete relief among existing parties and the motions will be denied.

The defendant Guilford County Board of Elections is responsible for conducting municipal elections in Greensboro, N.C. Gen. Stat. § 163-284(b), and has the duty to enforce the redistricting plan challenged here. *See id.*; *Wright v. State*, 787 F.3d 256, 262 (4th Cir. 2014) (noting in case involving local school board elections that the county

board of elections "has the specific duty to enforce the challenged redistricting plan."). While that duty is "in cooperation with the State Board of Elections," *id.*, the State Board's primary role as to local elections is oversight. *See* N.C. Gen. Stat. § 163-22(c); *Wright v. N. Carolina*, 975 F. Supp. 2d 539, 543 (E.D.N.C. 2014) (noting in a redistricting challenge to local school board districts that "[t]o enjoin the implementation of this law, the Court would need only to issue an injunction against the Wake County Board of Elections."), *aff'd in part, rev'd in part, on other grounds,* 787 F.3d 256 (4th Cir. 2015).

State law contemplates elections litigation in which the State Board is not a party. N.C. Gen. Stat. § 163-25 authorizes the State Board to "assist" county boards in litigation under limited circumstances and in the discretion of the State Board, if "the uniform administration" of election laws is threatened. Such a statute would be unnecessary if the State Board was a required party to litigation concerning municipal elections. The defendant-intervenors have identified no particular responsibilities the state itself, the governor, or the executive director of the State Board have which relate to elections in the City of Greensboro. *See Wright*, 975 F. Supp. 2d at 543 (noting that the governor has "no enforcement power" in connection with local elections).

Neither the plaintiffs, the defendant Guilford County Board of Elections, nor the defendant-intervenors have advised the Court of any problems or lack of power or authority experienced by the County Board in complying with this court's preliminary injunction issued last year which applied to elections held last fall. There is no reason to

2

think that permanent relief, should it be granted, cannot be obtained from the current defendant.

It is **ORDERED** that the defendant-intervenors' motion to dismiss and motion to join necessary parties, (Doc. 61), is **DENIED**.

This the 23rd day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE