IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION No. 1:15-CV-559

| | | |
|---|---|---|
| THE CITY OF GREENSBORO, LEWIS A. BRANDON III, JOYCE JOHNSON, NELSON JOHNSON, RICHARD ALAN KORITZ, SANDRA SELF KORITZ, AND CHARLI MAE SYKES, | ) ) ) ) ) ) | **MOTION TO STAY PROCEEDINGS OR IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO RESPOND** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **(TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES,** |
| GUILFORD COUNTY BOARD OF ELECTIONS, | ) ) ) | **MEMORANDUM IN SUPPORT, AND BILL OF COSTS)** |
| Defendants. | ) ) | |

NOW COMES, Defendant, Guilford County Board of Elections, by and through its counsel of record, and respectfully requests that the Court issue an Order temporarily staying any further proceedings in the above-captioned matter, or in the alternative, granting Defendant Guilford County Board of Elections an additional extension of time in which to respond to the Plaintiff's Motion for Attorney's Fees, Memorandum in Support, and Bill of Costs. In support of this Motion, Defendant Guilford County Board of Elections submits as follows:

1. The trial in this matter concluded on February 7, 2017 and the Final Order entered on April 13, 2017. The Final Order left open the option for the Plaintiffs to petition the court for attorney's fees within thirty (30) days. With an extension of time, the Plaintiffs filed a Motion Attorney's Fees on July 14, 2017.

2. On July 28, 2017, with the consent of the Plaintiffs, the Defendant filed for an extension of time to respond to the Plaintiffs' Motion for Attorney's Fees. On July 31, 2017, the Court granted the Defendant's motion thereby extending the deadline for Defendant to respond to September 5, 2017 (September 4 being the Labor Day holiday).

3. Since Plaintiffs filed the fee petition, the following events have occurred which have inhibited the ability of the Defendant, and its counsel, to prepare a response to Plaintiffs' Motion for Attorney's Fees:

   a. Defendant Guilford County Board of Elections, as with all local Boards of Elections, was previously comprised of three members where the presence of two members constituted a quorum. With the passage of N.C. Session Law 2017-6, all local Boards of Elections were expanded to four (4) members.

   b. On July 18, 2017, one member of the Guilford County Board of Elections resigned, without prior notice, leaving only two members – less than a quorum – and rendering the Board of Elections without the power to meet, act, or otherwise function. At the present time, the Guilford County Board of Elections, like approximately fourteen other county boards of elections in the State, does not meet the minimum requirements to function and, therefore, counsel of record for the Defendant does not have a functioning client to serve.

c. Under North Carolina law, both under the previous and current law, the vacancies on the Guilford County Board of Elections would be filled by the State Board of Elections. However, in addition to the lack of required board members on Defendant Guilford County Board of Elections to allow it to conduct business, the State Board of Elections was abolished by the passage of N.C. Session Law 2017-6. A new entity was established by act of the General Assembly as a combined Bipartisan State Board of Elections and Ethics Enforcement; however, the new State Board is also unable to conduct business at this time because members have not been appointed to that Board.

d. N.C. Session Law 2017-6 is the subject of a lawsuit filed by the Governor asserting the new legislation to be unconstitutional, *Roy A. Cooper, III v. Philip E. Berger, et al.* (Wake County, 16 CVS 15636 and 17 CVS 5084; N.C. Supreme Court No. 52PA17-2). Under the new law, the Governor is to appoint the eight State Board members; the Governor has not yet done so and the North Carolina Supreme Court on July 20, 2017, entered an order barring the parties to that case from taking further action to establish the new State Board or from making appointments to reconstitute the prior State Board of Elections, pending the Supreme Court's disposition of the appeal. Thus, there is, in effect, no current State Board of Elections.

3

e. Since members of local Boards of Elections can only be appointed by the State Board, the Guilford County Board of Elections cannot reach a quorum unless and until the State Board can make an appointment, which they cannot do now, nor, does it appear anytime in the immediately foreseeable future. In particular, it does not appear to the undersigned that this situation will be resolved before Defendant's response to Plaintiffs' fee petition is presently due.

f. The North Carolina Supreme Court ("NCSC") ordered expedited briefing on the appeal from a three-judge panel, and has scheduled oral argument in the *Cooper v. Berger* case for August 28, 2017. This expedited briefing involves a request from NCSC for information from the parties about a potential temporary proposal to allow county boards of election to function with two members.

4. As of this time, however, NCSC has not modified its existing order that prohibits Guilford County Board of Elections from functioning, and there is no indication of if or when it may do so. Furthermore, it is unclear how effectively a temporary, two-member board would function. The undersigned counsel respectfully submit that the possibility of such a temporary proposal may be implemented by NCSC does not lessen the appropriateness of the relief requested herein.

4

5. In light of the above, undersigned counsel are unable to consult with, or obtain any direction from, their client, and are faced with other practical difficulties that can be explored further in a status conference. As the Court is aware, there are numerous matters in any proceeding, including this one, that require a viable functioning client. Counsel have reached the conclusion that they are unable to proceed at this time with a response to Plaintiffs' motion, and accordingly they seek guidance from the Court as to the status of the case and appropriate next steps.

6. Counsel for the Guilford County Board of Elections has contacted Plaintiffs' counsel regarding this request, and Plaintiffs do not consent to this request for a status conference. However, "The scope of the district court's discretion to manage [proceedings] before it is and must be particularly broad," and "district courts have wide ranging control over management of their dockets." *U.S. v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004); *see also Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp. 2d 484, 484 and 489 (E.D.Va. December 2, 2005)(stating, "Although motion to stay proceedings is not expressly provided for by federal rules or by statute, district court has inherent discretion to recognize such motion under its general equity powers.")

7. The circumstances of the Defendant in this matter is clear and convincing . . . the Defendant is unable to function under the current requirements of North Carolina law. Further, there is no harm to the Plaintiffs in the granting of a stay

5

in this matter as the counsel for Defendant is not requesting an unreasonable amount of time in the stay, but is requesting that the Court grant the stay until a quorum for the Defendant has been appointed with a provision for a thirty-day extension after the quorum is established by NCSC.

8. The request herein, in light of the circumstances set forth in this motion, warrants an exercise of the Court's discretion to meet with the parties telephonically or in-person to discuss the status of this matter. Counsel for Defendant believe that the request for a stay is not unreasonable and is appropriate under the circumstances, pending the outcome of the *Cooper v. Berger* matter. Simply put, Counsel does not have a client until the matter of functionality is addressed by NCSC.

9. Counsel for the Guilford County Board of Elections has contacted Plaintiffs' counsel regarding this request, and Plaintiffs do not consent to this request for a stay of the proceedings. However, Plaintiffs are willing to consent to a two-week extension of time, until September 18, 2017, for the Defendant to prepare a response. In addition, Plaintiffs have indicated that if NCSC has not rendered a response at the end of the second extension on September 18, 2017 they are willing to consider an additional extension of time.

In light of the nature of this request and other circumstances discussed above, the parties request that they be relieved of any requirement under the Local Rules to submit a brief in support of this request for status conference.

6

Case 1:15-cv-00559-CCE-JLW   Document 156   Filed 08/25/17   Page 6 of 8

For these reasons set out herein this Motion, the Defendant respectfully requests that the Court temporarily stay any further proceedings in this matter until thirty days after a quorum of members is lawfully appointed to the Guilford County Board of Elections. In the event the Court allows such a temporary stay, Defendant will report to the Court when (1) the North Carolina Supreme Court decides the *Cooper v. Berger* appeal, and (2) when, following that decision, a sufficient number of additional members are appointed to Defendant to allow for a quorum.

In the alternative, the Defendant requests the Court for a second thirty-day extension of time in which to respond to the Plaintiff's pending Motion for Attorney's Fees, and supporting documentation, in hopes that the client, Defendant Guilford County Board of Elections, will be restored to provide direction to its counsel during that time.

This the 24th day of August, 2017.

/s/J. Mark Payne
J. Mark Payne (N.C.S.B. No. 11046)
Attorney for Defendant
Guilford County, North Carolina
mpayne@co.guilford.nc.us

OFFICE OF GUILFORD COUNTY ATTORNEY
301 W. Market Street
PO Box 3427 (27402)
Greensboro, N.C. 27401
Phone:  (336) 641-3852
Fax:    (336) 641-3642

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Motion to Stay Proceedings, or in the Alternative, Second Motion for Extension of Time to Respond to Plaintiff's Motion for Attorney's Fees, Memorandum in Support, and Bill of Costs** was served upon all parties in accordance with the provisions of Rule 5 of the Federal Rules of Civil Procedure by:

    ____    Hand delivering a copy hereof to the attorney for each said party addressed as follows:

    ____    Depositing a copy hereof, postage prepaid, in the United States Mail, addressed as follows:

    _    Telecopying a copy thereof to the attorney for each said party and to each party as follows:

    __x__    Use of the Court's ECF facilities.

TO:

| |
|---|
| Jim W. Phillips, Jr.<br>Brooks, Pierce, McLendon, Humphrey & Leonard, LLP<br>Post Office Box 26000<br>Greensboro, NC 27420<br>jphillips@brookspierce.com<br>*Attorney for Plaintiff City of Greensboro* |
| Anita S. Earls<br>Allison J. Riggs<br>Emily Seawell<br>Southern Coalition for Social Justice<br>1415 W. Hwy 54, Ste 101<br>Durham, NC 27707<br>Anita@southerncoalition.org<br>Allison@southerncoalition.org<br>Emily@southercoalition.org<br>*Attorneys for Plaintiffs Lewis A. Brandon, III, Joyce Johnson, Nelson Johnson, Richard Alan Koritz, Sandra Self Koritz, and Charli Mae Sykes* |

This the 24th day of August, 2017.

OFFICE OF GUILFORD COUNTY ATTORNEY
301 W. Market Street
PO Box 3427 (27402)
Greensboro, N.C. 27401
336-641-3852 (phone)
336-641-3642 (facsimile)

/s/ J. Mark Payne
J. Mark Payne